IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIELLE MCNUTT,<br>3201 Meadowlark Lane<br>Great Bend, KS 67530<br><br>  Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF KANSAS<br>HOSPITAL AUTHORITY,<br>Serve Secretary of Board<br>Daniel Peters<br>4000 Cambridge Street, Ste 1215<br>Kansas City, KS 66160<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Danielle McNutt, for her Complaint against Defendant University of Kansas Hospital Authority, states as follows:

1. Plaintiff Danielle McNutt is a female citizen of the State of Kansas, residing in Great Bend, Kansas.

2. Defendant University of Kansas Hospital Authority is organized under Kansas state law who may be served at the above address.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, (Title VII), making jurisdiction proper in this court.

4. Venue is proper within this district under 28 U.S.C. § 1391(a) in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to a sexually hostile work environment and terminated in retaliation by Defendant because of her reports of sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII, 42 U.S.C. § 2000e(b).

7. Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission which was dually filed with the Equal Employment Opportunity Commission (EEOC) and within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue, dated October 26, 2022, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

9. Plaintiff was employed by Defendant in the Central Kansas Orthopedic Group in Great Bend, Kansas, as a Medical Records Clerk.

10. Plaintiff performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

**COUNT I – HOSTILE WORK ENVIRONMENT**

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. During her employment, Plaintiff was subjected to discrimination and harassment based on her sex.

12. The discrimination and harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work in violation of Title VII.

13. Plaintiff was subjected to the following conduct:

- Disparate Treatment;
- Abusive language;
- Unfair treatment;
- A coworker questioning her sex life; and
- A coworker slapped her butt.

14. Plaintiff complained about harassment; thus defendant knew about the harassment.

15. Shortly after plaintiff complaints of harassment she was disciplined unfairly and placed on a thirty day probation. She was later suspended, placed on leave, and terminated.

16. Despite the knowledge of the harassment, defendant allowed the harassment to continue and failed to take appropriate remedial action to stop the unlawful conduct.

17. Defendant failed to prevent harassment and retaliation in the workplace.

18. But for Plaintiff's sex, she would not have been subjected to the harassment described herein.

19. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

20. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b.     For an award of punitive damages in a reasonable amount to be determined at trial;

c.     For an award of reasonable costs and attorney's fees; and

d.     For such equitable and other relief as the Court deems just and necessary.

## COUNT II — RETALIATION

Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21.    As set forth above, during her employment, Plaintiff was subjected to harassment based on her sex. Plaintiff complained about harassment to her supervisor and to Human Resources.

22.    Thereafter, plaintiff was subjected to unfair, unwarranted discipline.

23.    Shortly after plaintiff complaints of harassment she was disciplined unfairly and placed on a thirty day probation. She was later suspended, placed on leave, and terminated.27. But for Plaintiff complaints about race discrimination she would not have been subjected to the retaliatory acts described herein.

24.    Similarly situated coworkers who had not engaged in protected activity were treated more favorably than plaintiff.

25. Plaintiff's complaints of harassment were determining factors in the termination; but for the complaints of harassment she would not have been terminated.

26. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

27. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Wichita, Kansas.

                              **THORNBERRY BROWN, LLC**

By:   /s/ Stephen C. Thornberry
        Randall W. Brown       KS# 17905
        *randy@ThornberryBrown.com*
        Stephen C. Thornberry      KS# 17494
        s*teve@ThornberryBrown.com*
        4550 Main Street, Suite 205
        Kansas City, Missouri 64111
        (816) 531-8383 *telephone*
        (816) 531-8385 *facsimile*
        ATTORNEYS FOR PLAINTIFF